<u>**TO BE FILED UNDER ALL THREE DOCKET NUMBERS**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IVAN G. MCKINNEY, | : | |
| Plaintiff, | : | Civ. No. 13-2553 (KM) (SCM) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PROSECUTOR'S OFFICE, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| IVAN G. MCKINNEY, | : | |
| Plaintiff, | : | Civ. No. 14-3563 (KM) (SCM) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN DOE SUPERINTENDENT – SOUTH WOODS STATE PRISON, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| IVAN G. MCKINNEY, | : | |
| Plaintiff, | : | Civ. No. 14-3564 (KM) (SCM) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DR. HEMSLEY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**KEVIN MCNULTY, U.S.D.J.**</u>

## I.    INTRODUCTION

The plaintiff, Ivan G. McKinney, is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with three separate civil rights actions pursuant to 42 U.S.C. § 1983, as a result of a prior order severing his original complaint. Presently pending before the Court is a letter that this Court construes as a request for reconsideration of the Court's screening Opinion and Order in Civ. No. 13-2553 as well as a request to amend his claims to add a defendant in Civ. No. 14-3564. For the following reasons, the request for reconsideration in Civ. No. 13-2553 will be denied, and Mr. McKinney's request to amend his complaint in Civ. No. 14-3564 will be denied without prejudice. Mr. McKinney's requested for appointment of counsel will be denied without prejudice at this time. Finally, Mr. McKinney's request for emergency relief in Civ. No. 14-3563 will be denied.

## II.    BACKGROUND

Mr. McKinney filed his original complaint in April, 2013. (*See* Civ. No. 13-2553.) The complaint listed thirty-two defendants and contained thirty numbered paragraphs. Generally, but not always, each paragraph of the original complaint named one defendant. The paragraphs of the original complaint were narratives that sometimes seemed to contain more than one claim. I gleaned from the complaint that Mr. McKinney was convicted of charges involving drugs and sexual contact with a minor.

In June, 2014, this Court screened the original complaint. The plethora of claims and defendants that Mr. McKinney named in his original complaint were divided into four categories identified as Categories A, B, C and D.

A.  Screening of Category A

Category A related to Mr. McKinney's claims of unconstitutional arrest and search. The following defendants were associated with his claims in Category A:

>Det. James Harris – Bergen County Prosecutor's Office
>Lt. Edward Russo – New Jersey State Parole Department
>Officer Peter Crisculo – New Jersey State Parole Department
>Det. Sgt. Mike Antista – Hackensack Police Department
>Det. Martin – Hackensack Police Department
>Chief John Doe Hackensack Police Department
>Chief John Doe – Bergen County Prosecutor's Office
>Det. Robert Carucci – Hackensack Police Department
>Det. John Dalton – Hackensack Police Department

. As noted in the screening Opinion, "[t]he gist of the complaint is that the parole officers conducted a search and interrogation, based on McKinney's status as a parolee, but that this provided a pretext for the police interrogation, search, and warrantless arrest, which lacked a sufficient basis." *See McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *2 (D.N.J. June 4, 2014).

Mr. McKinney's illegal search and seizure claims and false arrest claims in Category A were deemed to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because the claims called into question the validity of his state criminal conviction. *See McKinney*, 2014 WL 2574414, at *3-4. They were dismissed without prejudice to refiling in the event Mr. McKinney's state conviction was overturned.

B.  Screening of Category B

Category B related to Mr. McKinney's criminal trial and the proceedings surrounding it. The following defendants were associated with Mr. McKinney's claims in Category B:

>Honorable Judge James Guida
>John Doe Assistant Superintendent of Clifton Schools
>Bergen County Prosecutor's Office
>David Calviello – Assistant Prosecutor – Bergan County Prosecutor's Office

> John Higgins – First Assistant Prosecutor – Bergen County
> John Molinelli – Bergen County Prosecutor
> George Santiago – Det. Bergen County Prosecutor's Office
> Daniel Andriulli – Computer Forensics, Bergen County Prosecutor's Office
> Teresa Duenas – Mother of K.M.
> Maria Zambrano – Mother of K.M.

The Court dismissed the claims against Judge Guida, who presided over Mr. McKinney's criminal trial, primarily on grounds of judicial immunity. *See McKinney*, 2014 WL 2574414, at *5. I dismissed the claims against John Doe Assistant Superintendent of Clifton Schools for failure to state a federal claim. *Id.* at *5-6. The claims against

I dismissed the claims against the prosecutors, Calviello, Higgins and Molinelli, primarily on grounds of prosecutorial immunity and the unavailability of *respondeat superior* liability. *See McKinney*, 2014 WL 2574414, at *6. I found that the Bergen County Prosecutor's Office itself enjoyed immunity under the Eleventh Amendment, as well. *See id.* at *7.

I dismissed the claims against the investigators, Santiago and Andriulli, because they were barred by *Heck*, without prejudice to renewal if the conviction is vacated. *See id.*

Finally, within Category B, I dismissed Mr. McKinney's claims against the juvenile victim's parents, Duenes and Zambrano. The claims would be barred by *Heck*, and in any event these private individuals were not state actors for purposes of § 1983 liability. *See McKinney*, 2014 WL 2574414, at *7-8.

C.  Screening of Category C

Category C related to Mr. McKinney's claims that he was wrongfully deprived of needed medical care while incarcerated at the South Woods State Prison. Mr. McKinney named the following three defendants in his Category C claims:

> John Doe Superintendent of the South Woods State Prison
> John Doe Doctor of the South Woods State Prison
> Jane Doe Nurse Practitioner of the South Woods State Prison

Mr. McKinney cited the lack of surgical treatment for his hernia, injured knee, herniated discs and neck injuries. This Court found that Mr. McKinney's allegations were sufficient to permit these claims to proceed past the screening stage. *See id.* at *8-9.

D. Screening of Category D

Category D related to Mr. McKinney's circumstances while he was incarcerated at the Bergen County Jail. He named the following as defendants in Category D:

> Dr. Hemsley – Bergen County Jail Medical Department
> Bergen County Jail
> Capt. Pawson – Bergen County Jail in charge of medical
> Lt. Pickel – Bergen County Jail in charge of grievances
> Warden Bigott – Warden Bergen County Jail
> Capt. Davies – Bergen County Jail
> Kurk Leenig – Supervisor, Mailroom Bergen County Jail
> Officer John Doe in mail room of Bergen County Jail
> Lt. Acacious – Bergen County Jail
> Aramark Foods – Bergen County Jail

I dismissed Mr. McKinney's all claims against the Bergen County Jail because it is not a suable "person" under § 1983. *See McKinney*, 2014 WL 2574414, at *11.

Mr. McKinney's claims that Bigott, Davies, Pickel, Hemsley and Pawson failed to respond to his medical complaints or to furnish medical treatment were permitted to proceed. *See id.* at *10.

Mr. McKinney's claim that John Doe officer at the Bergen County Jail improperly opened his legal mail was permitted to proceed. McKinney's claim that Leenig improperly opened his personal mail was dismissed. A related retaliation claim against Acacios was dismissed for failure to allege any adverse action. *See id.* at *10-11.

Finally, I dismissed Mr. McKinney's constitutional claim against Aramark Foods based on the presence of mayonnaise in some side dishes. *See id.* at *12-13.

E. Severance of Misjoined Claims and Defendants

The screening Opinion then severed the original complaint into three separate actions. Categories A and B remained together under Civ. No. 13-2553. Categories C and D were severed into two separate actions, Civ. No. 14-3563 and Civ. No. 14-3564, respectively. Because Mr. McKinney would owe an additional $350.00 for the "filing" of these two new actions, Mr. McKinney was given thirty days to inform the Court whether he wished to proceed with his two newly filed actions.

Mr. McKinney responded within the thirty days allotted by the Court.[1] (*See* Civ. No. 14-3563 Dkt. No. 5.) Mr. McKinney states an intent to pursue pursue Categories C and D (Civ. No. 14-3563 and Civ. No. 14-3564). Therefore, the Clerk will be ordered to take the requisite fees out of Mr. McKinney's prisoner account for these two cases. Mr. McKinney also requests reconsideration on several issues decided in Categories A & B (Civ. No. 13-2553). Furthermore, Mr. McKinney seeks to add a new party (Corizon Medical) and assert new allegations in Category D (Civ. No. 14-3564).

## III.   DISCUSSION

A. Reconsideration Mtoion

i.    *Legal Standard for Motion for Reconsideration*

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013)

---

[1] Mr. McKinney's response was only docketed in Civ. No. 14-3563. However, as the letter clearly relates to issues in Civ. No. 13-2553 and Civ. No. 14-3564, the Clerk will be ordered to docket the letter in those two cases as well.

(citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

    ii.   *Judge Guida*

      Mr. McKinney first challenges the dismissal of his claims against Judge Guida with respect to his handling of the school records. As noted in the prior screening Opinion, Judge Guida's actions and rulings with respect to the school records were quintessential judicial acts subject to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Thus, Mr. McKinney's request to reconsider the dismissal of this claim is denied.

      Mr. McKinney next asserts that the Court erred in dismissing his claim that Judge Guida denied his lawyer's request for a postponement in light of the lack of the heat in the courtroom. As noted in the previous screening Opinion, courtroom administration, as well as the denial of a continuance, are judicial functions entitled to absolute immunity. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) ("Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session."); *Brooks v. Diaz*, No. 14-0794, 2014 WL 5390575, at *5 (M.D.N.C. Oct. 22, 2014) ("[R]efusal to accommodate Plaintiff's disability constitutes exercising control over the courtroom, i.e., a judicial act protected by

judicial immunity.") (citation omitted). Thus, Mr. McKinney has failed to show that reconsideration on this issue is necessary to correct a clear error of law or fact or to prevent manifest injustice.

Finally, Mr. McKinney alleges that Judge Guida engaged in ex parte communications with the prosecutors on the morning of opening statements. This appears to be a wholly new claim. "'[A] motion for reconsideration cannot be used to present a new claim.'" *Phillips v. Norward*, No. 14-4468, 2014 WL 4367095, at *2 (D.N.J. Sept. 3, 2014) (quoting *Hatten v. Bledsoe*, No. 12-0772, 2012 WL 4718631, at *2 (M.D. Pa. Oct. 3, 2012)). Additionally, it is worth noting that judicial immunity is not lost as a result of ex parte communications. *See Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012) (per curiam) (citing *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996)). Accordingly, for these reasons, Mr. McKinney's request for reconsideration on the dismissal of the claims against Judge Guida is denied.

iii.    *John Doe Assistant Superintendent of Clifton Schools*

Plaintiff next seeks reconsideration of this Court's previous dismissal of the claims against the John Doe Assistant Superintendent of Clifton Schools. As noted in the previous screening Opinion, this unnamed official was alleged to have negligently released school records of the victim to Mr. McKinney's criminal attorney instead of directly to Judge Guida. For the reasons stated in the screening opinion, these allegations did not state a Section 1983 claim. Nothing in Mr. McKinney's request for reconsideration would justify a contrary conclusion.

iv.    *David Calviello*

Mr. McKinney seeks reconsideration of the dismissal of his claims against David Calviello, who was the prosecuting attorney in Mr. McKinney's criminal case. As noted in the screening Opinion, a prosecutor's acts, even in deciding to withhold evidence, are entitled to

8

absolute immunity. *See Smith v. Holtz*, 210 F.3d 186, 199 n.18 (3d Cir. 2000). Furthermore, Mr.

McKinney's claims against Calviello arose from his role as an advocate for the state's position, a

function also protected by immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991). Thus, Mr.

McKinney's request for reconsideration of the dismissal of the claims against Calviello is denied.

      v.    *John Higgins & John Molineilli*

Mr. McKinney also requests reconsideration of this Court's dismissal of his claims

against John Higgins and John Molinelli, who were supervisors at the Bergen County

Prosecutor's Office. As stated in the previous screening Opinion, Mr. McKinney failed to state a

claim against these two defendants because liability cannot rest on a *respondeat superior* theory

in a Section 1983 action. Furthermore, to the extent that Mr. McKinney alleged that these two

defendants' were personally involved by exercising their prosecutorial functions, they are

immune from suit as noted above. Accordingly, Mr. McKinney fails to show that reconsideration

should be granted with respect to the dismissal of his claims against these two defendants.

      vi.    *Kurk Leenig*

Mr. McKinney also seeks reconsideration of the dismissal of his claims against Kurk

Leenig. Mr. McKinney previously alleged that Leenig opened his personal mail outside of his

presence, which constituted an invasion of his privacy. This Court found that Mr. McKinney

failed to state a claim against Mr. Leenig because "[p]rison inmates have no expectation of

privacy regarding their personal mail." *Ali v. Howard*, No. 05-0102, 2008 WL 4427209, at *5

(D. Del. Sept. 30, 2008) (citing *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991), *Hamilton v.

Messick*, No. 03-0807, 2005 WL 736684, at *3 (D. Del. Mar. 31, 2005)), *report and

recommendation adopted by*, No. 05-0102, Dkt. No. 238 (D. Del. Feb. 24, 2009), *aff'd by*, 353 F.

App'x 667 (3d Cir. 2009); *see also Young v. Beard*, No. 07-2266, 2011 WL 902447, at *11

(M.D. Pa. Feb. 11, 2011) ("Generally, prisoner non-legal mail can be opened and read outside the inmate's presence, and does not violate the prisoner's constitutional rights.") (citations omitted), *report and recommendation adopted by*, 2011 WL 901865 (M.D. Pa. Mar. 15, 2011). Mr. McKinney asserts in his request for reconsideration that the mail that was opened was his *outgoing* personal mail. The cases do not distinguish between ingoing and outgoing personal mail. Mr. McKinney's request for reconsideration of the dismissal of his claims against Leenig is denied.

> vii.    *Aramark*

This Court previously found that Mr. McKinney's claims against Aramark were frivolous. Mr. McKinney's complaint alleged that Aramark Foods supplied the food to the Bergen County Jail and served him meals with mayonnaise, to which he is allegedly allergic. As a result, Mr. McKinney allegedly refrained from eating certain side dishes and had to purchase substitute food at the commissary. As noted in the previous screening Opinion, these allegations do not approach the level of inhuman treatment necessary to sustain an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (stating that a prisoner asserting a conditions of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities.") (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Furthermore, the complaint failed to allege that Aramark's acts were deliberate. *See Farmer*, 511 U.S. at 837, 847. Mr. McKinney's motion for reconsideration insists that Aramark knew about his allergy, but fails to show that the Court committed an error of law or fact. Therefore, this Court will deny Mr. McKinney's request for reconsideration on the dismissal of his claims against Aramark.

### B. New Claims and Defendants

#### 1. Requirement that new claims be asserted *via* a motion to amend

Mr. McKinney seeks to add new claims and defendants involving (1) Corizon Medical and (2) New Jersey State Prison. These share a threshold procedural infirmity, namely, that new claims cannot be asserted in a standalone letter or motion for reconsideration. The leading treatise explains the reasons for requiring that new claims, like the original ones, be asserted in a complaint or amended complaint:

> [T]o ensure that the pleadings give notice of all the issues that are in the controversy so they can be handled and comprehended expeditiously, the safer practice is to introduce an amended pleading that is complete in itself, rather than one that refers to the prior pleading or seeks to incorporate a portion of it. . . . Even if the pleading is lengthy and involved, a self-contained amended pleading will assist the parties and the court in dealing with the issues better than one that is replete with references to another pleading.

6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.). This proposed amendment-by-letter leaves the parties uncertain about what is contained in the complaint, and how to answer.

I will nevertheless expedite matters by screening the proposed new claims.

Even if new claims had been properly asserted in a proposed amended complaint, the Court would be obligated to screen them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) before allowing them to proceed. The Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), directs district courts to review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The

PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). *Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In short, even if I looked past the procedural deficiencies and treated this reconsideration motion as a motion to amend, such amendment would be futile. The new claims do not set forth a viable cause of action.

## 2.    Screening of Claims Against Corizon Medical

In Civ. No. 14-3564 (Category D claims), Mr. McKinney seeks to add "Corizon Medical" as a defendant. He states that Corizon Medical is the contracted medical provider for the Bergen County Jail. Mr. McKinney states that Corizon Medical should have known that "Dr. Hemsley was keeping the cost down for the county and not worried about treating." (Civ. No. 14-3563, Dkt. No. 5 at p.13-14.) He asserts that Corizon Medical should be brought in as a defendant because Dr. Hemsley is their employee and they should have known about his conduct.

McKinney seeks to assert a cause of action against Corizon under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well recognized that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (quoting *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 676)). Liability may attach to a supervisor, however, "'if he or she participated in violating the plaintiff's rights, directed others to violated them, or, as the person in charge, had knowledge and acquiesced' in the subordinate's unconstitutional conduct." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995))). Liability may also flow to supervisors or employers "if they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which

directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K.*, 372 F.3d at 586

(quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989))). In the

context of a failure to supervise:

> The plaintiff must identify a supervisory policy or practice that the
> supervisor failed to employ, and then prove that: (1) the policy or
> procedures in effect at the time of the alleged injury created an
> unreasonable risk of a constitutional violation; (2) the defendant-
> official was aware that the policy created an unreasonable risk; (3)
> the defendant was indifferent to that risk; and (4) the constitutional
> injury was caused by the failure to implement the supervisory
> practice or procedure.

*Id.* at 317 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989); *Brown v. Muhlenberg*

*Twp.*, 269 F.3d 205 (3d Cir. 2001)).

Mr. McKinney alleges that Corizon Medical employed Dr. Hemsley, but does not allege

that Corizon Medical participated in violating his rights. He does not allege that Corizon directed

others to violate his rights, or that Corizon knew of or acquiesced in Dr. Hemsley's allegedly

unconstitutional conduct. McKinney fails to allege any liability-creating policy or practice that

Corizon Medical, as the alleged supervisor, had in place.

Accordingly, McKinney has failed to state a claim against Corizon Medical upon which

relief may be granted. This dismissal of Mr. McKinney's claims against Corizon Medical at the

screening stage is without prejudice to the proper filing of a motion to amend the complaint,

accompanied by an amended pleading that properly that sets out a claim.

**3.     Screening of Claims Against New Jersey State Prison**

Mr. McKinney has filed an application for emergency relief in Civ. No. 14-3563. That

case involves the circumstances while Mr. McKinney was incarcerated at the South Woods State

Prison. Mr. McKinney states in his application that he is now incarcerated at the New Jersey

State Prison. He requests a "cease and desist" order against the New Jersey State Prison.  He claims that he:

> has endured massive retaliation, abuse, intimidation, discrimination, sexual assault by touching during a search, deprivation of heat, deprivation of showers, opening of privilege legal mail out of plaintiff's presence, being subject to hostile environment by staff, failure to treat medically, retaliation by medical dept., retaliatory relocation and cell moves and retaliatory cell and body searches[.]

(Civ. No. 14-3563 Dkt. No. 6 at p. 1.) He seeks immediate relief and requests that the court intervene at this time.

Mr. McKinney's emergency request is construed as a request for preliminary injunctive relief and/or a temporary restraining order against the New Jersey State Prison. To secure the extraordinary relief of a preliminary injunction or a temporary restraining order ("TRO"), a petitioner must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp*, No. 10-5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to TRO)). A preliminary injunction grants 'intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff "must establish that all four factors favor preliminary relief." *Barber*, 2011 WL 2223651, at *15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

Mr. McKinney's request for preliminary injunctive relief against the New Jersey State Prison will be denied. First, as Mr. McKinney himself concedes, the New Jersey State Prison is

not even named as a defendant in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 838 (3d Cir. 2010) (per curiam) (noting in affirming denial of preliminary injunction motion that individuals whose conduct was sought to be enjoined were not even named as defendants in the action). Even if the emergency motion could be construed as Mr. McKinney's attempt to amend his complaint in Civ. No. 14-3563 to include the New Jersey State Prison as a defendant, his request for emergency relief would still be denied. The emergency motion is directed only against the New Jersey State Prison as a proposed new defendant. However, the prison itself is not a "person" subject to suit under Section 1983. *See Green v. Bayside State Prison*, No. 11-1833, 2011 WL 4970811, at *2 (D.N.J. Oct. 19, 2011) (finding that Bayside State Prison is not a proper defendant in a Section 1983 action) (citing *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989)); *Valle v. CRAF State Prison*, No. 10-0525, 2010 WL 5141728, at *2 (D.N.J. Dec. 9, 2010) (state prison not a "person" for purposes of Section 1983 litigation) (citation omitted).

In addition, the factual support for the application is lacking. It consists of conclusory recitals of multifarious causes of action, similar to those filed against the institutions where McKinney was previously incarcerated. These conclusory allegations would likely fail the test for setting forth a cause of action in a complaint; they come nowhere near the factual showing required for a preliminary injunction.

Mr. McKinney has failed to show that he would be likely to succeed on the merits against the New Jersey State Prison to warrant a grant of preliminary injunctive relief at this time. This dismissal of Mr. McKinney's claims against New Jersey State Prison at the screening stage is without prejudice to the proper filing of a motion to amend the complaint, accompanied by an amended pleading that properly that sets out a claim.

C.  Request for the Appointment of Counsel

Mr. McKinney has also requested the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 93d Cir. 1993). In determining whether to appoint counsel, a court considers the following:  (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 145-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies in the Court's discretion. *See Tabron*, 6 F.3d at 155. Appointing counsel may be made at any point during the litigation *sua sponte* or by granting a party's motion. *See id.* at 156.

Mr. McKinney has failed to state a claim in Civ. No. 13-2553 to warrant appointing counsel in that case. However, the Court has already determined that Mr. McKinney has stated claims in Civ. Nos. 14-3563 & 14-3564 sufficient to permit these cases to proceed past the screening stage.  Nevertheless, it is difficult to say at this early stage of the process that the *Tabron* factors have been established to warrant appointing counsel in Civ. Nos. 14-3563 & 14-3564. *See Miller v. New Jersey Dep't of Corr.*, No. 08-3335, 2009 WL 482379, at (15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000). There is as yet no strong showing that Mr. McKinney's

scattershot allegations contain any claims that possess more than nominal merit. Having considered the *Tabron* factors, the Court will deny Mr. McKinney's request for the appointment of counsel, albeit without prejudice to a reapplication depending on the development of the claims and the facts in the pretrial discovery process in Civ. Nos. 14-3563 & 14-3564.

### D. John Doe South Woods State Prison Defendants

In the case that is now docketed as Civ. No. 14-3563, Mr. McKinney named as John Does the following defendants:  (1) the Superintendent of the South Woods State Prison; (2) a doctor at the South Woods State Prison; and (3) a nurse at the South Woods State Prison. Mr. McKinney may need discovery to determine the names of the individual doctor and nurse. The Administrator of the South Woods State Prison, however, is readily identifiable as Willie Bonds. Therefore, the Clerk will be ordered to delete defendant "John Doe Superintendent – South Woods State Prison" and replace him with "Willie Bonds – Administrator South Woods State Prison." This substitution will permit service of at least one defendant and permit the case to go forward.

### IV.     CONCLUSION

Mr. McKinney's request for reconsideration of various claims decided in the Court's prior Opinion in Civ. No. 13-2553, is denied. Mr. McKinney's claims against Corizon Medical will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Mr. McKinney's request for emergency relief in Civ. No. 14-3563 is denied. His request for the appointment of counsel will be denied without prejudice. Finally, the Clerk will be ordered to replace defendant John Doe Superintendent – South Woods State Prison with Willie Bonds in Civ. No. 14-3563.  Appropriate Orders will be entered.

DATED: 4/29/2015

_____
KEVIN MCNULTY
United States District Judge