O'CONNOR KIMBALL, LLP
BY: STEPHEN E. SIEGRIST, ESQ.
51 Haddonfield Road, Suite 330
Cherry Hill, New Jersey 08002
(856) 663-9292
Attorney for Defendant Dr. Michael Hemsley

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————— :
                                          :
IVAN G. McKINNEY,                         :
                        Plaintiff         :        Civil Action No: 14-cv-03564-KM-JBC
            -vs-                          :
                                          :
DR. HEMSLEY; CAPT PAWSON;                 :
LT. PICKEL; WARDEN BIGOTT;                :
and CAPT DAVIES,                          :
                        Defendants        :
———————————————————— :

## ANSWER OF DEFENDANT DR. MICHAEL HEMSLEY

Defendant DR. MICHAEL HEMSLEY ("Defendant") by way of Answer to the

Plaintiff's Complaint, says:

1a.    The plaintiff is left to his proofs as to jurisdiction in this matter.

1b.    The plaintiff is left to his proofs as to jurisdiction in this matter.

2.     The plaintiff is left to his proofs as to previously dismissed actions.

3.     The plaintiff is left to his proofs as to his place of confinement.

4.     **PARTIES:**

       (a)    Plaintiff, Ivan G. McKinney:  The plaintiff is left to his proofs as to the

allegations in this paragraph.

(b)     Defendant, John Doe, Asst. Superintendent of Clifton Schools:   The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(c)     Defendant David Calviello, Asst. Prosecutor Bergen County:   The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(d)     Defendant John Higgins, First Assistant Prosecutor Bergen County:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(e)     Defendant Det. James Harris, Bergen County Prosecutor's Office:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(f)     Defendant Lt. Edward Russo, NJ State Parole Dept.:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(g)     Defendant Off. Peter Crisculo, NY State Parole Dept.:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(h)     Defendant Det. Sgt. Mike Antista, Hackensack Police Department:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(i)     Defendant Bergen County Jail Medical Dept., Dr. Hemsley:  Defendant Dr. Hemsley admits that he was the Medical Director at Bergen County Jail at

times relevant to the claims against him in this action.  Dr. Hemsley denies that he set policies into place that caused Plaintiff to suffer severe pain and suffering, acted with deliberate indifference, or otherwise deprived Plaintiff of constitutionally adequate medical care as alleged.

(j)      Defendant Det. Martin, Hackensack Police Department:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(k)      Defendant Chief John Doe, Hackensack Police Dept.:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(l)      Defendant Chief John Doe, Bergen County Prosecutor's Office:   The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(m)      Defendant Det. Robert Carucci, Hackensack PD:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(n)      Defendant Capt. Pawson, Bergen County Jail in charge of Medical:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(o)      Defendant Lt. Pickel, Bergen County Jail in charge of grievances:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(p)     Defendant Wardon Bigott, Warden Bergen County Jail:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(q)     Defendant Capt. Davies, Bergen County Jail:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(r)     Defendant Det. John Dalton, Hackensack PD:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(s)     Defendant Teresa Duenas, Mother of K.M.:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(t)     Defendant George Santiago, Det., Bergen County Prosecutor's Office:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(u)     Defendant Daniel Andriulli, Computer Forensics Bergen County Prosecutor's:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(v)     Defendant Maria Zambrano, Mother of K.M.:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(w)     Defendant John Doe, Superintendent South Wood State Prison:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(x)     Defendant Jane Doe, Dr. at South Wood State Prison:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(y)     Defendant Jane Doe, Nurse Practicner (sic) South Wood State Prison: The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(z)     Defendant Bergen County Prosecutor's Office:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(aa)     Defendant Bergen County Jail:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(bb)     Defendant Kurk Leenig, Supervisor of Mailroom Bergen County Jail:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(cc)     Defendant Off. John Doe in mail room:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(dd)     Defendant Lt. Acacios, Bergen County Jail:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(ee)     Defendant Aramark Foods, Bergen County Jail:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

(ff)     Defendant Hon. Judge James Guida, Bergen County Superior Court:  The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.


5.     **ADMINISTRATIVE REMEDEIES**:  It is denied that Dr. Hemsley ignored any grievances that he was aware of.   The plaintiff is left to his proofs that he filed grievances.

5

6.        **STATEMENT OF CLAIMS**

1.        Paragraph 6.1 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

2.        Paragraph 6.2 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

3.        Paragraph 6.3 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

4.        Paragraph 6.4 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

5.        Paragraph 6.5 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

6.        Paragraph 6.6 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

7.        In answer to Paragraph 6.7 of the Complaint, Defendant Dr. Hemsley admits that he was the Medical Director at Bergen County Jail at times relevant to the claims against him in this action.  Dr. Hemsley denies that he has denied necessary medical treatment to Plaintiff or otherwise treated him with deliberate indifference in violation of the Eighth Amendment. Dr. Hemsley denies that he has caused any injury to Plaintiff.  Dr. Hemsley denies that he has a custom, policy and/or practice of denying inmates medical care in order to save money. Dr. Hemsley denies that he set policies into place that caused Plaintiff to suffer severe pain and suffering, acted with deliberate indifference, or otherwise deprived Plaintiff of constitutionally adequate medical care as alleged.  As to all other averments set forth in Paragraph 6.7 of Complaint, Defendant Dr. Hemsley is without knowledge sufficient to

determine the truth of the allegations set forth therein.  Accordingly, all remaining averments in Paragraph 6.7 are denied.

8.     Paragraph 6.8 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

9.     Paragraph 6.9 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

10.     Paragraph 6.10 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

11.     Paragraph 6.11 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

12.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.  In the event that this paragraph is deemed to apply to the answering defendant, then it is denied.

13.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.  In the event that this paragraph is deemed to apply to the answering defendant, then it is denied.

14.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.  In the event that this paragraph is deemed to apply to the answering defendant, then it is denied.

15.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.  In the event that this paragraph is deemed to apply to the answering defendant, then it is denied.

16.     Paragraph 6.16 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

17.     Paragraph 6.17 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

18.     Paragraph 6.18 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

19.     Paragraph 6.19 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

20.     Paragraph 6.20 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

21.     Paragraph 6.21 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

22.     Paragraph 6.22 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

23.     Paragraph 6.23 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

24.     Paragraph 6.24 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

25.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

26.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

27.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

28.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

29.     The allegations in this paragraph do not apply to the answering defendant, therefore, no answer is made.

30.     Paragraph 6.30 of the Complaint has been removed by the Court's Order of June 4, 2014, therefore, no answer is made.

7.     **RELIEF:**  In answer to Paragraph 7 of the Complaint, Dr. Hemsley denies that he is liable to Plaintiff for any of the relief requested.  Dr. Hemsley specifically denies that he is liable to Plaintiff in either his individual or official capacity.   Dr. Hemsley is without knowledge sufficient to determine the truth of the allegations set forth against the other Defendants.

**8.  REQUEST FOR JURY TRIAL**

No response is necessary to the plaintiff's jury demand.

<u>**General Denial**</u>

All averments in the Complaint not specifically admitted, addressed or responded to herein are denied.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST SEPARATE DEFENSE**</u>

Plaintiff's complaint fails to state a cause of action against answering Defendant upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Defendant is not liable for any negligence, wrongful acts, malpractice, deliberate indifference, or retaliation against Plaintiff.  Specifically, Defendant did not act with deliberate indifference to a serious medical need of Plaintiff nor otherwise violate Plaintiff's Eighth Amendment rights.

## THIRD SEPARATE DEFENSE

Defendant performed each and every obligation under state or federal law owed to Plaintiff.

## FOURTH SEPARATE DEFENSE

The underlying injuries to Plaintiff were the result of negligence of other medical providers or individuals over whom this answering Defendant exercised no control.

## FIFTH SEPARATE DEFENSE

Some or all of Plaintiff's complaint may be barred by the reason of the applicable statute of limitations, and therefore, Defendant would not be liable to Plaintiff for any of those claims.

## SIXTH SEPARATE DEFENSE

Whatever action, inaction, or course of treatment taken by Defendant in regard to Plaintiff's medical and mental health treatment was proper based on the accepted standard of medical care and based on constitutionally accepted grounds.

## SEVENTH SEPARATE DEFENSE

Defendant has not violated any of Plaintiff's rights under the United States Constitution or of the State of New Jersey Constitution.

## EIGHTH SEPARATE DEFENSE

Plaintiff was negligent and, therefore, any recovery to which Plaintiff would otherwise be entitled against Defendant must be reduced by the application of the doctrine of comparative negligence.

## NINTH SEPARATE DEFENSE

Defendant acted within the scope of his authority and, therefore, has absolute immunity and qualified immunity.

## TENTH SEPARATE DEFENSE

Defendant acted in good faith and within reasonable and probable cause based on then existing circumstances.

## ELEVENTH SEPARATE DEFENSE

To the extent dismissed co-defendants were negligent, wrongful or otherwise are responsible to Plaintiff, any recovery to which Plaintiff may be entitled against those individuals may not be recovered against Defendant.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claim is barred by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. or, in the alternative, is subject to all limitations and defenses established therein. Answering Defendant is entitled to rely on those defenses.

## THIRTEENTH SEPARATE DEFENSE

The Plaintiff has failed to comply with the requirements of the Prison Litigation Act of 1995, specifically, but not excluding 42 U.S.C. §1997e(a).

11

## CROSSCLAIM FOR INDEMNIFICATION

1.      The complaint herein alleges negligence on the part of co-defendants CAPT

PAWSON, LT. PICKEL, WARDEN BIGOTT, and CAPT DAVIES, as well as the answering

defendant, which is denied.

2.      Should there be any finding of negligence on the part of the answering

defendant, same would be passive in nature or secondary whereas the negligence of co-

defendant, defendants CAPT PAWSON, LT. PICKEL, WARDEN BIGOTT, and CAPT

DAVIES, would be active or primary in nature so as to give rise to a cause of action for

indemnification against them.

**WHEREFORE**, answering defendants/cross-claimants demand indemnification from

co-defendants defendants CAPT PAWSON, LT. PICKEL, WARDEN BIGOTT, and CAPT

DAVIES, as to any judgment which may be found in favor of the plaintiff and against the

answering defendants together with interest, costs and counsel fees.


## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

1.    Corizon Health, Inc., as the employer of defendant DR. HEMSLEY, entered into an

agreement with Bergen County, which operates Bergen County Jail and which remained

in full force and effect on the date recited in the Complaint.

2.    The terms of such agreement inter alia, provided that Bergen County indemnify and save

harmless the answering defendant, DR. HEMSLEY, as an employee of Corizon Health,

Inc., from any claim, loss, damage, etc., including costs and reasonable attorneys' fees.

**WHEREFORE**, answering defendants/cross-claimants, demand indemnification from defendants, as employees of Bergen County, as to any judgment found in favor of the plaintiff and against the answering defendants.

## ANSWER TO ALL CROSSCLAIMS

The answering defendants deny any negligence, improper conduct or any other act asserted against it by any crossclaims filed by any co-defendants in this matter.

Wherefore, the answering defendants demand dismissal of all crossclaims together with costs and fees in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:5-1(c), the Court is hereby advised that Stephen E. Siegrist, Esquire, is hereby designated as trial counsel for the Defendant Dr. Michael Hemsley.

**TAKE NOTICE THAT THIS DEFENDANT DEMANDS TRIAL BY JURY.**

BY:  s/ Stephen E. Siegrist
  STEPHEN E. SIEGRIST
O'CONNOR KIMBALL LLP
51 Haddonfield Road, Suite 330
Cherry Hill, New Jersey 08002-4607
(856) 663-9292, Fax: (856) 663-6566
e-mail ssiegrist@okllp.com
Counsel for defendant Dr. Hemsley

Dated:   July 9, 2015

## <u>CERTIFICATION PURSUANT TO RULE</u>

I certify that to the best of my knowledge the above matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding nor at the present time is any other action or arbitration proceeding contemplated, and further, that there are no parties who should be joined in this action.

BY:  <u>s/ Stephen E. Siegrist</u>
  STEPHEN E. SIEGRIST
O'CONNOR KIMBALL LLP
51 Haddonfield Road, Suite 330
Cherry Hill, New Jersey 08002-4607
(856) 663-9292, Fax: (856) 663-6566
e-mail ssiegrist@okllp.com
Counsel for defendant Dr. Hemsley

Dated:   July 9, 2015

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
IVAN G. McKINNEY,                   :
                      Plaintiff     :          Civil Action No: 14-cv-03564-KM-JBC
          -vs-                      :
                                    :
DR. HEMSLEY; CAPT PAWSON;           :
LT. PICKEL; WARDEN BIGOTT;          :
and CAPT DAVIES,                    :
                      Defendants    :
_____:


## CERTIFICATE OF SERVICE


I, Stephen E. Siegrist, Esquire, attorney for defendant Dr. Hemsley, hereby certifies that I caused

a true and correct copy of the within Answer to Plaintiff's Complaint to be served on the

following parties by electronic filing or regular mail, this 9th day of July 2015.

Ivan G. McKinney #601321
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
*Plaintiff Pro Se*


                                        BY:  s/ Stephen E. Siegrist
                                          STEPHEN E. SIEGRIST
                                        O'CONNOR KIMBALL LLP
                                        51 Haddonfield Road, Suite 330
                                        Cherry Hill, New Jersey 08002-4607
                                        (856) 663-9292, Fax: (856) 663-6566
                                        e-mail ssiegrist@okllp.com
                                        Counsel for defendant Dr. Hemsley


        Date: July 9, 2015


15