## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IVAN G. MCKINNEY, :
:
Plaintiff, :                           Civ. No. 14-3564 (KM) (JBC)
:
v. :
:                                      **OPINION**
DR. HEMSLEY, et al., :
:
Defendants. :
:

<u>**KEVIN MCNULTY, U.S.D.J.**</u>

### I.   INTRODUCTION

Plaintiff, Ivan G. McKinney, is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is Mr. McKinney's application to amend his complaint. For the following reasons, the application will be denied, because the proposed allegations are not properly part of this action. The Clerk will be ordered, however, to treat Mr. McKinney's application to amend as a separate complaint in a newly created civil action.

### II.   BACKGROUND

In April, 2013, Mr. McKinney filed a civil complaint that asserted a large number of claims against a plethora of defendants. (*See* Civ. No. 13-2553) This Court determined that Mr. McKinney had improperly joined unrelated allegations in one complaint. I therefore sorted the allegations in that complaint into four categories, designated A, B, C, and D. Categories A and B were left together in a single action. I ordered the clerk to create two new civil actions so that categories C and D could be litigated separately. (*See* Dkt. Nos. 1, 5.)

The above-captioned case, Civ. No. 14-3564, contains the allegations that were assigned to category D. The category D allegations are those that arise from Mr. McKinney's imprisonment at the Bergen County Jail. Several such claims were permitted to proceed past the screening stage: failure to respond to grievances, deliberate indifference to his medical needs and unauthorized opening of legal mail. Others did not survive the screening process.

In April 2015 I ordered that the severed complaint in this case, Civ. No. 14-3564, be served on defendants Dr. Hemsley, Capt. Pawson, Lt. Pickel, Warden Bigott and Capt. Davies. Among other things, the severed complaint alleges that, at Bergen County Jail, Mr. McKinney received inadequate medical care with respect to: (1) herniated discs in his neck; (2) left knee meniscus tear; (3) lower back bulge; and (4) a hernia.

Now before the court is Mr. McKinney's motion, filed in June 2015, in which he seeks to add eleven claims (or sets of claims) to his complaint in this action. (*See* Dkt. No. 10) This is not an ordinary motion to amend; that is, Mr. McKinney has not submitted a proposed amended complaint to replace the currently pending one. Rather, he has submitted a statement of supplemental claims, which he evidently expects the Court to add to his original complaint.

For the most part, Mr. McKinney's proposed additional claims relate events that allegedly occurred while he was incarcerated at the Bergen County Jail, dating from after he filed his original complaint in April 2013. The allegations Mr. McKinney seeks to add are the following:

1. Officer Broskie assaulted Mr. McKinney on May 27, 2013 using excessive force causing a left wrist injury.

2. Nurse Cucinella deliberately withheld medication on May 27, 2013 for chronic situation in retaliation for complaints against medical department.

2

3. Sergeant Adcock refused to give Mr. McKinney toilet paper while he was in detention from May 28, 2013 until June 2, 2013. Sergeant Adcock also refused to allow Mr. McKinney to shower for seventy-two hours and asked him to see medical because he was in pain, yet did not see medical for seventeen days.

4. Sergeant Peel subjected Mr. McKinney to false imprisonment and false arrest on May 28, 2013 in retaliation for the incident with Officer Broskie. Upon leaving "the hold" on June 2, 2013, Mr. McKinney told her he feared retaliation from Broskie, but Peel, who promised to speak to Broskie, never did and Broskie retaliated when he got back to the unit.

5. On June 6, 2013, Nurse Zisa showed Officer Lazar Mr. McKinney's slip regarding a medical appointment. This behavior was deliberately indifferent and retaliatory because Officer Lazar harassed Mr. McKinney after that.

6. On June 6, 2013, Officer Lazar harassed and retaliated against Mr. McKinney because he complained about his injury that was caused by his colleague Officer Broskie.

7. From May 27, 2013 until June 14, 2013, John and Jane Does refused to give Mr. McKinney medical attention for seventeen days for his injured left wrist

8. Nurse Creamer refused to render medical attention on Mr. McKinney's injured left wrist after she told him she was told not to treat him or else she would be fired.

9. Officer Sevino and Officer John Doe assaulted Mr. McKinney on July 25, 2013 when they slammed his head into an elevator.

10. Officer Broskie retaliated against Mr. McKinney on June 2, 2013 by refusing to give him rec time and having him wait three hours for a mattress. Additionally, Mr. McKinney could not call his son for his birthday.

11. From February 2, 2013 until August 1, 2013, Lieutenant Accacios, Sergeant Torre, Warden Biggott, Captain Davies and Sergeant Pell subjected Mr. McKinney to cruel and unusual punishment when he was in his cell for thirty-one hours straight from Tuesdays to Wednesdays during this period.

## III.   DISCUSSION

In general, leave to amend a complaint is freely given under Federal Rule of Civil Procedure 15(a). However:

> A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Moreover, the court may deny a request if the movant fails to provide a draft amended complaint, *see Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000), or may refuse to allow an amendment that fails to state a cause of action. *Adams*, 739 F.2d at 864, citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.1983).

*Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272-73 (3d Cir. 2001). In this case, Mr. McKinney failed to provide a draft of the proposed amended complaint, which alone, is sufficient to deny his application to amend. Indeed, as one leading treatise has stated:

> [T]o ensure that the pleadings give notice of all the issues that are in the controversy so they can be handled and comprehended expeditiously, the safer practice is to introduce an amended pleading that is complete in itself, rather than one that refers to the prior pleading or seeks to incorporate a portion of it. . . . Even if the pleading is lengthy and involved, a self-contained amended pleading will assist the parties and the court in dealing with the issues better than one that is replete with references to another pleading.

6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.).

I nevertheless set that objection aside, for the following reason. It would be futile to require that all of these claims be placed in a single pleading with those already pending. If they were, they would have to be severed, because they are not properly joined under Rules 18 and

20, Fed. R. Civ. P. The claims Mr. McKinney seeks to add to his complaint are not sufficiently related to the existing claims against defendants Bigott, Davies, Hemsley, Pawson, and Pickel.

A district court may raise the issue of improper joinder *sua sponte*. *See Chen v. Shan Qiao Zhang*, No. 10-6255, 2011 WL 612727, at *2 (E.D. Pa. Feb. 10, 2011) (citing FED. R. CIV. P. 21; *Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 804 (3d Cir. 1994); *Braverman Kaskey, P.C. v. Toidze*, No. 09-3470, 2010 WL 4452390, at *2 (E.D. Pa. Nov. 4, 2010)). Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." In a multi-defendant case, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants. Federal Rule of Civil Procedure 20(a) states:

> Persons . . . may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and
> (B) Any question of law or fact comment to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy. *See Paladino v. Newsome*, No. 12-2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012) (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). But this application, however liberal, "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997)).

As previously stated, the allegations of the complaint in this action relate to the medical care Mr. McKinney was receiving (or not receiving) while incarcerated at the Bergen County Jail

for his herniated discs in his neck, his left knee meniscus tear, a lower back bulge and a hernia. Mr. McKinney's proposed new allegations are not closely related to the old ones, and they name new defendants.

For example, several of the new allegations relate to a wrist injury that allegedly occurred in 2013 when an officer (Broskie) used excessive force on McKinney, as well as to retaliation he faced after this incident. The currently filed complaint, however, does not name Broskie as a defendant, and does not involve this wrist injury or related matters. Similarly, the claim that McKinney was wrongfully confined to his cell for thirty-one hours seems to have little or nothing in common with the claims in the currently pending complaint. Others are similarly unrelated.

Joinder of these eleven new claims, asserted against a number of new defendants, would not be proper under Rule 20. No "right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there is no "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). As I remarked in my prior opinion, "Strait is the gate of Rule 20(a). Only if there is at least one claim properly joining *all* defendants can the plaintiff then invoke Rule 18 to append other claims relating to only *some* defendants." (Dkt. No. 1 at 29) (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed.).

In short, because Mr. McKinney's proposed amendments would result in improper joinder, the motion to amend the complaint will be denied. *Accord Alfred v. New Jersey*, No. 13-0332, 2015 WL 4138882, at *2 (D.N.J. July 9, 2015) (denying motion to amend due to improper joinder of proposed new allegations); *Mosher v. New Jersey*, 06-2526, 2007 WL 1101230, at *5 (D.N.J. Apr. 10, 2007) (denying motion to amend as proposed amendments fail to satisfy

permissive joinder requirements of Rule 20); *Israel Travel Advisory Service, Inc. v. Legacy Israel Travel, Inc.*, No. 94-4255, 1995 WL 430562, at *1 (E.D. Pa. July 19, 1995) (denying motion to amend as futile where proposed amendment would run afoul of the joinder rules).

I add a prudential factor. The currently pending case was originally filed in April 2013. Because of the remarkable scope and complexity of the allegations, it has occupied a great deal of court time in sorting, severing, and rationalizing the presentation of allegations. This severed case has been screened, served, and answered. The Magistrate Judge has solicited submissions and stated that a Scheduling Order will be entered on October 30, 2015. Adding eleven new allegations to the currently pending complaint would derail this case.

In the case of misjoinder, "a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (quoting Fed. R. Civ. P. 21). In *DirecTV*, the Third Circuit explained the effect of each of these options:

> When a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice. *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1068 (3d Cir. 1979); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (Posner, J.). When that occurs, the "statute of limitations is not tolled" because we treat the initial complaint "as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal quotation marks omitted). But when a court "severs" a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999); *Elmore*, 227 F.3d at 1012. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period. *Id.*
>
> Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-

limitations consequences, the discretion delegated to the trial judge
to dismiss under Rule 21 is restricted to what is " just."

*DirecTV*, 467 F.3d at 845 (footnote omitted).

The applicable statute of limitations for Mr. McKinney's § 1983 claims is two years. *See*

*Vickers v. Childs*, 530 F. App'x 104, 105 (3d Cir. 2013) (per curiam) (stating that a § 1983 claim

is governed by the applicable state's personal injury statute of limitations and New Jersey has a

two-year statute of limitations for such claims) (citing N.J. STAT. ANN. § 2A:14-2(a)). Although

the new claims seem to date from 2013, it is possible that some might lie outside the two-year

limitations period.

To avoid prejudice to Mr. McKinney, I have opted to direct the Clerk to file Mr.

McKinney's motion to amend under a newly created civil action number as a "complaint

received." Should Mr. McKinney seek to pursue that new action, he will be required to either

pay the $400 filing fee or submit a new application to proceed *in forma pauperis* within thirty

days. If Mr. McKinney does not pay the fee or submit an application to proceed *in forma

pauperis* in this newly opened case within 30 days, the the Clerk will be ordered to

administratively terminate that newly opened case. Should Mr. McKinney either pay the filing

fee or be granted *in forma pauperis* status, the Court will screen Mr. McKinney's claims. *See* 28

U.S.C. §§ 1915(e)(2)(B), 1915(A)(b), 1997e.[1]

---

[1] The opening of this newly created action should not be construed as a finding that Mr.
McKinney's claims in his proposed amended complaint are legally sufficient, that they relate
back to the date of filing of the current complaint, or that they are otherwise timely. This Court
has not yet reached the point of screening Mr. McKinney's claims in that newly opened civil
action and will not do so until Mr. McKinney either pays the $400 filing fee or submits a
complete application to proceed *in forma pauperis*.

## IV.    CONCLUSION

For the foregoing reasons, Mr. McKinney's application to amend the complaint (Dkt. No. 10) will be denied. The Clerk will be ordered to file the application to amend the complaint (Dkt. No. 10) as a "complaint received" in a newly opened civil case. An appropriate Order will be entered.


Dated: October 9, 2015

                                                        KEVIN MCNULTY
                                                        United States District Judge