UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IVAN G. MCKINNEY,

Plaintiff,

v.

DR. HEMSLEY, et al.,

Defendants.

Civil Action No. 14-3564 (KM/JBC)

OPINION & ORDER

**MCNULTY, District Judge.**

Presently before the Court is *pro se* Plaintiff Ivan G. McKinney's May 31, 2019[1] letter application seeking reconsideration (at DE 102) of the undersigned's March 20, 2019 opinion and order (at DEs 100 and 101, respectively) granting summary judgment in favor of defendants on all of McKinney's then-still-pending claims in this civil rights matter. McKinney's May 31st letter, reads, in its entirety, as follows:

> I received [the Court's] order granting defendant's motion for summary judgment. I desire to ask this court for reconsideration. And as this time[,] I am making such request. I gave to Dr. Hemsley and my attorney a copy of Dr Reyes[' 2010] prescription filed with [University of Medicine and Dentistry of New Jersey ("UMDNJ")] Hospital. This was the prescription she faxed [there] for my umbilical hernia surgery. I am in the process of obtaining this from [UMDNJ]. And as you noted, I did not attach that as evidence. Please, accept my request for reconsideration and allow me at least 30 days to provide such evidence. Dr. Hemsley and [Bergen County Jail] administration [were] aware that Dr. Shah and Dr. Reyes ordered surgery. And in turn they were guilty of deliberate

---

[1] McKinney's reconsideration application is undated. (*See* DE 102.) May 31, 2019 is the date post-stamped on the envelope in which McKinney enclosed said filing. (*See* DE 102-1.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011). Affording McKinney all favorable inferences, I find that May 31, 2019 is the filing date of his application.

> indifference. And, thus this Court should reconsider its decision once I provide the evidence.

(DE 102.) McKinney's reconsideration application will be denied because it is both untimely and substantively inadequate.

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within 14 days of the entry of an order. Substantively, a motion for reconsideration is viable due to (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Relief under this rule is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Indeed, the Third Circuit has indicated that "Rule 7.1(i) motions are appropriate '*only* where dispositive factual matters or controlling decisions of law were presented to the court but not considered.'" *Tucker v. I'Jama*, 404 F. App'x 580, 581 n.1 (3d Cir. 2010) (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995) (emphasis added). Ultimately, reconsideration is an "extraordinary remedy" that is granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted).

As an initial matter, McKinney's May 31, 2019 reconsideration application is untimely because he did not file it within fourteen days after March 20, 2019, the date on which my summary judgment order and opinion were filed. This fact alone would provide a sufficient basis to deny

reconsideration. *See, e.g., Tucker*, 404 F. App'x at 581; *Testa v. Hoban*, No. 16-55, 2018 WL 1091290, at *2 (D.N.J. Feb. 28, 2018).

McKinney's reconsideration application also fails to provide any adequate substantive basis for relief. A motion for reconsideration is not an opportunity to present evidence that could have been presented before my original decision was reached. *Bowers*, 130 F. Supp. 2d at 613. McKinney acknowledges that he has never provided the Court with the evidence underlying his reconsideration request, *i.e.*, the prescription for hernia surgery which Dr. Reyes purportedly wrote and faxed to UMDNJ in or around 2010. (*See* DE 102) McKinney has clearly been aware of the existence of that prescription for some nine years, and has had ample opportunity to obtain a copy and submit for consideration on summary judgment.

At any rate, this prescription, were I to consider it now, would not affect my analysis of the deliberate-indifference issue. Indeed, in my March 20, 2019 opinion, I expressly noted the existence of that prescription:

> It is true that Dr. Shah diagnosed McKinney with an incarcerated hernia that required surgery in 2010. McKinney himself, however, put off surgery for many months. Thereafter, on multiple occasions in 2012 and 2013. Dr. Hemsley diagnosed McKinney's hernia as non-incarcerated and susceptible to conservative treatment. The record evidence is clear that Hemsley "formed a medical judgment that [McKinney's] hernia was reducible without surgery." *Brown [v. Beard*, 445 F. App'x 453, 455 (3d. Cir. 2011)]. That Dr. Shah's diagnosis and course of treatment differed from Dr. Hemsley's does not, in and of itself, provide a basis to conclude that Hemsley acted with constitutionally-actionable deliberate indifference to McKinney's hernia.

(DE 100 at 27.)

In sum, McKinney's May 31, 2018 application for reconsideration fails to provide a basis to grant that "extraordinary remedy." My summary judgment rulings remain in full force and effect.

3

For the foregoing reasons, and for good cause shown,

**IT IS** on this 10th day of June, 2019,

**ORDERED** that the Clerk of the Court shall reopen this matter for purposes of considering Mr. McKinney's reconsideration application; and it is further

**ORDERED** that Mr. McKinney's May 31, 2018 application for reconsideration (DE 102) is **DENIED** as untimely, and in the alternative on substantive grounds; and it is further

**ORDERED** that the Clerk shall serve a copy of this Opinion & Order on Mr. McKinney by regular mail and shall again mark this case as **CLOSED**.

_____
Kevin McNulty, U.S.D.J.